## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE KELEJIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1006 (UNA) |
| | ) | |
| DANIELLA AREFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1) and motion for hearing (ECF No. 4). The Court grants the application, dismisses the complaint, and denies the motion for hearing as moot.

According to Plaintiff, individuals residing in Middle Eastern countries with whom he is acquainted via TikTok "have been harassing [him], asking for money, [and] talking about radicalism." Compl. at 1. These individuals allegedly have identifying information about Plaintiff and have released it after Plaintiff refused to communicate with them further. *See id*. In addition, Plaintiff alleges, these individuals have contacted others "claiming [Plaintiff is] a terrorist," *id*. at 2, and have threatened to spread false information about them if they speak to Plaintiff, *see id*. These individuals are "ruining [Plaintiff's] reputation and threatening [him]," *id*., and negatively "affecting [his] health," *id*. Plaintiff "would like to file charges for Identity [theft] and defamation[.]" *Id*.

The Court dismisses the complaint for three reasons. First, "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c)(1), and this complaint fails to include a full name and address for

each defendant. Second, a complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks, FED. R. CIV. P. 8(a), and this complaint falls short. It neither states a valid basis for this Court's jurisdiction nor alleges facts supporting a plausible legal claim. Third, insofar as plaintiff intends to "file charges," Compl. at 2, the decision to prosecute a criminal case is left to the discretion of the Executive Branch of government, not the courts. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

A separate order accompanies this Memorandum Opinion.

DATE: May 8, 2024                                  AMIT P. MEHTA
                                                   United States District Judge